Ilan D. Scharf
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
E-Mail: ischarf@pszjlaw.com

*Counsel for the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARIANNE B. WALDRON,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-35056 (CGM) |

**NOTICE OF HEARING ON THE MOTION OF THE RDC
LIQUIDATING TRUST FOR RECONSIDERATION OF THE
ORDER CONFIRMING CONSENSUAL SUBCHAPTER V PLAN**

**PLEASE TAKE NOTICE**, that on **August 23, 2022 at 9:00 a.m.**, or as soon thereafter as counsel can be heard, a hearing (the "Hearing") via Zoom for Government will be held before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, on the *Motion of the RDC Liquidating Trust for Reconsideration of the Order Confirming Consensual Subchapter V Plan* (the "Motion") filed by The RDC Liquidating Trust, through its trustee Advisory Trust Group, LLC (the "RDC Liquidating Trust"), successor in interest to Rochester Drug Co-Operative, Inc. seeking reconsideration of the *Order Confirming Consensual Subchapter V Plan*, and granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that, prior to the Hearing, any party wishing to appear at the Hearing is required to register their appearance no later than 4:00 p.m., one business days in advance of the Hearing using the Court's eCourt Appearances platform: https://www.nysb.uscourts.gov/ecourt-appearances.

DOCS_LA:344558.1 DEFAULT/DEFAULT

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Application, must be made in writing, state with particularity the grounds for the objections and filed with the Clerk of the United States Bankruptcy Court with a courtesy copy to the Chambers of The Honorable Cecelia G. Morris, and served upon (i) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Ilan D. Scharf and (ii) the Office of the United States Trustee, Leo O'Brien Federal Building, 11A Clinton Avenue, Room 620, Albany New York 12207, Attention Alicia M. Leonhard, Esq., so as to be received no later than **August 16, 2022 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the filing of a notice on the Court's electronic docket for this case or the announcement of such adjournment in open Court.

Dated: July 26, 2022          **PACHULSKI STANG ZIEHL & JONES LLP**

By:   */s/ Ilan D. Scharf*
Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
E-Mail: ischarf@pszjlaw.com

*Counsel for the RDC Liquidating Trust*

Ilan D. Scharf
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
E-Mail: ischarf@pszjlaw.com

*Counsel for the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>MARIANNE B. WALDRON,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-35056 (CGM) |
|---|---|

**MOTION OF THE RDC LIQUIDATING TRUST FOR RECONSIDERATION
OF THE ORDER CONFIRMING CONSENSUAL SUBCHAPTER V PLAN**

The RDC Liquidating Trust, through its trustee Advisory Trust Group, LLC (the "RDC Liquidating Trust"), successor in interest to Rochester Drug Co-Operative, Inc., by and through its undersigned counsel and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable in Bankruptcy Cases pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9023-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), hereby moves this Court (the "Motion") for reconsideration and/or reargument with respect to the Court's Plan Confirmation Order (as defined herein).  In support of the Motion, the RDC Liquidating Trust respectfully state as follows:

**INTRODUCTION**

By this Motion, the RDC Liquidating Trust seeks to vacate the order confirming the Debtor's purportedly consensual subchapter V plan. As discussed in greater detail below and in the accompanying Declaration of Bruce Bieber (the "Bieber Declaration"), the Plan improperly

proposes to pay the Debtor's parents in full as a secured claim while general unsecured creditors will receive only an approximately 9% distribution. However, there is no proof that the Debtor's parents ever actually made a loan to the Debtor, and there is no record of any security interest having been granted or perfected. The Debtor has been aware of this error since at least several weeks prior to the confirmation hearing.[1] Nevertheless, the Debtors failed to fix the Plan or disclose the lack of a legal basis for the preferential treatment of the Braunagels to the Court. Instead, the Debtor appears to have taken advantage of a quick subchapter V process to obtain confirmation of a plan that improperly siphons value to the Debtor's family members at the expense of general unsecured creditors.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and rule bases for the relief requested herein are section 105(a), Bankruptcy Rule 9024, and Local Rule 9023-1.

## FACTUAL BACKGROUND

4.  On February 7, 2022 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

5.  On May 5, 2022, the Debtor filed the Debtor's Plan of Reorganization (the "Plan").  The Plan was confirmed by the Court's *Order Confirming Consensual Subchapter V Plan*

---

[1] Shortly after receiving a copy of the Plan months ago, the RDC Liquidating Trust conducted a lien search and found no evidence of a security interest and notified Debtor's counsel of the same.

2

entered July 12, 2022 (the "Plan Confirmation Order").[2]

6. The Plan, in pertinent part, separately classifies a secured claim in the approximate amount of $60,000 of Carl and Renate Braunagel (the "Braunagels") arising from a prepetition loan from general unsecured creditors and proposes to pay it "in accordance with the pre-petition agreement between the parties."[3] In contrast, general unsecured creditors shall be paid pro rata only to the extent of the Debtor's disposable income over five years, projected to be approximately a 9% recovery.[4]

7. The Debtor has never filed the Braunagels' loan documents or any backup for the validity or amount of the Braunagels' purported secured claim.

8. To the contrary, shortly after the Plan was filed, the RDC Liquidating Trust advised the Debtor that based on a lien search, the Braunagels did not actually have a perfected security interest and, thus, that the Plan's proposed treatment of the Braunagels' claim was in error.[5] The RDC Liquidating Trust further requested that the Debtor amend the Plan to treat any valid balance owing to the Braunagels as a general unsecured claim.

9. The Debtor did not amend the Plan nor disclose to the Court that the proposed treatment of the Debtor's parents was not legally supportable.[6]

**RELIEF SOUGHT**

10. The RDC Liquidating Trust hereby seeks to vacate the Plan Confirmation Order pursuant to Bankruptcy Rule 9024(b) so that the unfairly preferential treatment of the Braunagels' claim can be stricken.

---

[2] Docket No. 47.

[3] Plan Art. IV.A ("Class 2").

[4] Plan at Art. IV.B ("Class 6").

[5] Bieber Declaration, ¶ 2.

[6] Docket No. 47.

3

# ARGUMENT

11. Rule 60(b) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 9024, allows a party to seek relief from a judgment, order, or proceeding for the following reasons, *inter alia*:

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> … ; or
>
> (6) any other reason justifying relief from the operation of the judgment.[7]

12. Here, as set forth above and in the Bieber Declaration, there are ample grounds to grant relief from the Plan Confirmation Order. The Debtor was aware that the Plan was siphoning value to the Debtor's parents at the expense of non-insider creditors without a legal basis to do so. Even when this issue was expressly pointed out to the Debtor, the Debtor still failed to disclose or correct it.

13. Under these circumstances the Court should vacate the Plan Confirmation Order so that the Debtor is not permitted to abuse the bankruptcy process.[8]

---

[7] Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

[8] The RDC Liquidating Trust reserves the right to assert that the factors for excusable neglect are also present. *See In re Enron, Inc.*, 326 B.R. 46, 50 (Bankr. S.D.N.Y. 2005) (factors employed in deciding a motion under Civil Rule 60(b) include "(1) whether the failure to respond [to an objection to a claim] was willful, (2) whether the movant had a legally supportable defense, and (3) the amount of prejudice that the non-movant would incur if the court granted the motion." (quoting *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996)).

## CONCLUSION

For the foregoing reasons, the RDC Liquidating Trust respectfully requests that the Court (i) vacate the Plan Confirmation Order; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2022                         **PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Ilan D. Scharf*
Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
E-Mail: ischarf@pszjlaw.com

*Counsel for the RDC Liquidating Trust*